## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THE COLUMBIAN SPOT, LLC, and KITTY JOHNSON, individually and on behalf of all others similarly situated, | ) ) ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Civil Action No. 21-1171 |
| v. | ) | |
| | ) | |
| DOLLAR BANK, | ) | Judge Cathy Bissoon |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM ORDER

### I. MEMORANDUM

For the reasons stated below, the Motion to Dismiss filed by Defendant Dollar Bank
(Doc. 21) will be GRANTED IN PART and DENIED IN PART as follows.

### A. Background

Plaintiffs have brought this putative class action challenging Dollar Bank's alleged policy
and practice of charging its customers improper fees in violation of federal law and in a manner
not contracted for.  *See* Amended Complaint (Doc. 16, hereinafter "Complaint").

Plaintiff The Columbian Spot, LLC ("Columbian Spot") is a Pennsylvania limited
liability company that had a Dollar Bank checking account during the class period.  Complaint ¶
9.  Columbian Spot is located in Pittsburgh, Pennsylvania, and its managing member is a citizen
of Pittsburgh, Pennsylvania.  *Id.*  Plaintiff Kitty Johnson ("Johnson") is a citizen of Pennsylvania
who had a checking account with Dollar Bank during the class period.  *Id.* ¶ 10.  Dollar Bank is a
Federal Savings Bank and holds more than $10 billion in assets.  *Id.* ¶ 11.  It is headquartered in
Pittsburgh, Pennsylvania and has branches in Ohio, Pennsylvania and Virginia.  *Id.*  Jurisdiction

is based on the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1332(d)(2) & (6).  *Id.* ¶ 8.
Plaintiffs, and all members of the proposed Classes, contracted with Dollar Bank for checking
account services, including debit card services.  *Id.* ¶ 114.

Examples of the challenged conduct include:

- unlawfully assessing two or more fees ("Multiple Fees"), including overdraft fees
  ("OD Fees") and non-sufficient funds fees ("NSF Fees"), on a single Automated
  Clearing House ("ACH") transaction debit or check;

- using a lesser balance than the money in the customer's account to determine
  when to assess an overdraft fee;

- setting aside money for a particular debit card transaction, and, although that
  money is then not counted by Dollar Bank towards other transactions, it
  nonetheless can result in overdraft fees;

- rejecting an item for which there supposedly was not enough money to cover a
  transaction, charging an NSF Fee for the rejected item, and nonetheless
  pretending the money in the account has been reduced by the amount of the
  transaction until the next day, when it is then credited to the account; and

- failing to comply with Regulation E (12 C.F.R. § 1005.17) before being allowed
  to charge any overdraft fees at all on certain transactions

Complaint ¶ 6; *see also id.* ¶¶ 98-101 (enumerating examples of the alleged unlawful and/or
unfair practices as applied to Plaintiffs).  The Complaint asserts that these practices breach
contractual promises made in Dollar Bank's "adhesion contracts," breach the covenant of good
faith and fair dealing implicit in those contracts, and violate Pennsylvania consumer protection
laws.  *Id.* ¶ 7.

The Complaint contains three counts arising out of the charged conduct.  Count 1 asserts breach of contract, including the covenant of good faith and fair dealing.  *Id.* ¶¶ 113-121.  Count 2 asserts a violation of the Electronic Fund Transfers Act (Regulation E).  *Id.* ¶¶ 122-128.  Count 3 asserts a violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("UTPCPL").  *Id.* ¶¶ 129-131.  In the instant Motion, Dollar Bank seeks dismissal of the Complaint in its entirety for failure to state a claim upon which relief can be granted.  (Doc. 21).

**B.  Dollar Bank's Motion to Dismiss (Doc. 21)**

    1.    <u>Motion to Dismiss Count 1 – Breach of Contract and Breach of the Implied Covenant of Good Faith and Fair Dealing</u>

        a. Breach of Contract

Count 1 of the Complaint asserts that Dollar Bank breached promises made to Plaintiffs and all members of the proposed class when, as described more fully in the Complaint, Dollar Bank charged: (a) Multiple Fees on a single ACH debit or check; (b) OD Fees and NSF Fees on items that did not overdraw their checking account; (c) OD Fees on APPSN Transactions[1]; and (d) NSF Fees and OD Fees due to false deductions from the account balance for items returned for insufficient funds.  Complaint ¶ 115.

---

[1] "APPSN" stands for "Authorize Positive, Purportedly Settle Negative Transactions." Complaint ¶ 62.  According to the Complaint, Dollar Bank's APPSN transactions work as follows:  at the moment debit card transactions are authorized on an account with positive funds to cover the transaction, Dollar Bank immediately reduces account holders' checking accounts for the amount of the purchase and sets aside those funds in a checking account to cover that transaction. It does not allow that money it has set aside to be used for any other transactions. As a result, customers' accounts will always have sufficient available funds to cover these transactions because Dollar Bank has already sequestered these funds for payment.  *Id.* ¶ 63. Plaintiffs contend that Dollar Bank nevertheless "assesses crippling OD Fees currently in the amount of $36 on many of these transactions and mispresents its practices in its Account Documents." *Id.*¶ 64.  To the extent Dollar Bank argues that Plaintiffs have failed to allege an injury arising from an APPSN transaction (Def. Br. at 20-21), that argument is more appropriately addressed at the class certification stage.  *See* <u>Neale v. Volvo Cars of N. Am., LLC</u>, 794 F.3d 353, 368 (3d Cir. 2015).

Dollar Bank moves to dismiss the breach of contract claim, arguing that it charged fees in accordance with the unambiguous terms of the relevant Account Documents and did not otherwise breach any contractual terms.  To state a breach of contract claim under Pennsylvania law, plaintiffs must allege:  (1) the existence of a contract, including its essential terms; (2) a breach of that contract; and (3) resultant damages.  Meyer, Darragh, Buckler, Bebenek & Eck, PLLC v. Law Firm of Malone Middleman, P.C., 137 A.3d 1247, 1258 (Pa. 2016).  Where contractual terms are unambiguous, the meaning of the contract is a question of law appropriate for resolution by the Court.  In re Old Summit Mfg., LLC, 523 F.3d 134, 137 (3d Cir. 2008).  If, however, "the words of the contract are capable of more than one objectively reasonable interpretation," then an ambiguity exists, and dismissal as a matter of law is not warranted. Baldwin v. Univ. of Pittsburgh Med. Ctr., 636 F.3d 69, 76 (3d Cir. 2011).

After careful review of the Complaint, the relevant Account Documents of record, the parties' submissions (including all supplemental authority), and the great weight of persuasive authority permitting similar lawsuits across the country to proceed to discovery, the Court agrees with Plaintiffs that the Account Documents at issue contain sufficient ambiguities to render dismissal of the breach of contract claim inappropriate at this early stage of the proceedings.  *See* Pl. Br. (Doc. 26) at 6-20 and cases cited therein.

b. Breach of the Covenant of Good Faith and Fair Dealing

Count 1 also asserts liability based on a breach of the implied covenant of good faith and fair dealing, averring, *inter alia*, that Dollar Bank should not have used its discretion to charge (a) multiple Fees on a single ACH debit or check OD Fees on APPSN Transactions; (b) OD Fees and NSF Fees on items that did not overdraw their checking account; (c) OD Fees on APPSN Transactions; and (d) NSF Fees and OD Fees caused by false deductions from the account

balance for items returned for insufficient funds.  Complaint ¶ 119.  Plaintiffs contend that the relevant Account Documents do not permit OD Fees or NSF Fees on such transactions, and the contract is otherwise ambiguous as to any right for Dollar Bank to charge such fees.  *Id.*

Dollar Bank responds that the good faith and fair dealing claim is not independently actionable, and, thus, like the breach of contract claim, must be dismissed.  Def. Br. (Doc. 22) at 21 ("Because the [breach of contract] claim fails as discussed above, the claim for breach of the implied covenant must fail with it.").  As set forth above, however, Plaintiffs' breach of contract claim has not failed.  Accordingly, Dollar Bank's reasoning does not apply, and its motion to dismiss the good faith and fair dealing claim is denied.  *See also* Slamon v. Carrizo (Marcellus) LLC, No. 3:16-CV-2187, 2017 WL 3877856, at *9 (M.D. Pa. Sept. 5, 2017) (noting that the implied covenant of good faith and fair dealing requires parties to a contract to exercise discretionary terms in a reasonable way); Pl. Br. at 21-22 (noting discretionary language in certain of the Account Documents and reiterating that Dollar Bank abused this discretion when imposing certain challenged fees).

For all of the above reasons, Dollar Bank's Motion to Dismiss Count 1 is denied.  `

2.   Motion to Dismiss Count 2:  Violation of Electronic Fund Transfers Act (Regulation E)

Count 2 of the Complaint asserts that, "[b]y charging overdraft fees on ATM and nonrecurring transactions, Dollar Bank violated Regulation E (12 C.F.R. §§1005 et seq.), whose 'primary objective' is 'the protection of consumers' (§1005.1(b)) and which 'carries out the purposes of the [Electronic Fund Transfer Act (15 U.S.C. §§1693 et seq.), the 'EFTA'] (§1005.1(b)), whose express 'primary objective' is also 'the provision of individual consumer rights' (15 U.S.C. §1693(b))."  Complaint ¶ 123.  Specifically, Plaintiffs allege that the charges violate the "Opt In Rule" of Regulation E, 12 C.F.R. §1005.17, which requires financial

institutions to obtain a customer's "affirmative consent" before charging overdraft fees on ATM or one-time debit card transactions.  *Id.* ¶ 124.  Plaintiffs contend that Dollar Bank's opt-in method fails to satisfy Regulation E because it does not adequately convey how overdraft fees are assessed.  *See id.* ¶¶ 126-127 (explaining the alleged deficiency and resultant harm).

Dollar Bank asserts that the EFTA's "safe-harbor provision," 15 U.S.C. § 1693m(d), shields it from liability because its Opt-In Form is a "near verbatim copy" of the EFTA's Model Form A-9.  Def. Br. (Doc. 22) at 22-23.  After careful consideration, however, the Court agrees with the wealth of courts across the United States that have addressed and rejected this same approach.  *See, e.g.*, Grenier v. Granite State Credit Union, 570 F. Supp. 3d 18, 23 (D.N.H. 2021) ("Courts across the country have addressed arguments identical to [Defendant]'s argument here, and the vast majority have held that that using language identical to that in Model Form A-9 does not necessarily insulate a financial institution from liability."); *see also, e.g.,* Miller v. Del-One Fed. Credit Union, No. 1:21-CV-01433-SB, 2022 WL 2817875, at *3 (D. Del. July 19, 2022) (citing cases); Hinton v. Atl. Union Bank, No. 3:20CV651, 2020 WL 9348205, at *3 (E.D. Va. Nov. 2, 2020) (same).

Accepting Plaintiffs' allegations as true, the Court finds that the Complaint plausibly pleads a Regulation E violation, and the Motion to Dismiss Count 2 is denied.

3.      Motion to Dismiss Count 3—Pennsylvania UTPCPL

Plaintiffs concede that, at this juncture, they lack sufficient information to plead a proper UTPCPL claim.  *See* Pl. Br. (Doc. 26) at 25.  Because the Complaint admittedly fails to allege all

of the elements required to state a UTPCPL claim, Dollar Bank's Motion to Dismiss Count 3 is

granted.[2]  The UTPCPL claim is dismissed without prejudice.

## II. ORDER

For these reasons, the Motion to Dismiss filed by Defendant Dollar Bank (**Doc. 21**) is

**GRANTED IN PART AND DENIED IN PART**.  The Motion to Dismiss Count 3 is granted,

and Count 3 is dismissed without prejudice.  The Motion is denied in all other respects.  Once

Dollar Bank answers, the Court will enter an order setting an initial case management

conference.

IT IS SO ORDERED.

September 30, 2022                                s\Cathy Bissoon_____
                                                 Cathy Bissoon
                                                 United States District Judge


cc (via ECF email notification):

All Counsel of Record

---

[2] Plaintiffs further note that, until they are able to "obtain discovery," they "are unable to plead the UTPCPL claim properly and as such, request that the claim be dismissed without prejudice and [with] leave to replead."  Pl. Br. at 25.  Because the Court cannot conclude at this juncture that amendment of this claim would be futile, the dismissal shall be without prejudice.  In this regard, however, the Court agrees with Dollar Bank and cautions Plaintiffs that it would be inappropriate for them to use the discovery process to seek information specific to the dismissed UTPCPL claim in order to "shore up" the claim for re-pleading.  *See* Pl. Reply Br. (Doc. 27) at 5.